HALL, Judge,
dissenting.
As the majority points out, the trial court held an evidentiary hearing to determine the testator’s intent as to whether use of the term relatives in subparagraph 3.17 was restricted by paragraph 3.1 of the will, which limited all bequests in article III to Vaughn’s children and grandchildren.
Despite his initial contention that the language of the will was clear and unambiguous, the attorney for the appellant, the petitioner below, presented evidence to show the intentions of the testator as to the meaning of the phrase “whomever of my relatives is living with me at the time of my death.” Evidently, the majority now chooses to ignore the fact the appellant conceded there might be an ambiguity as to the interpretation of the word relative as it was used in subparagraph 3.17 and that it was therefore the appellant’s contention that it was necessary to present evidence of the testator’s intent in that regard.
The trial judge agreed with that contention and allowed the evidentiary hearing. After due consideration of the evidence in conjunction with the actual language of the will, the trial judge entered a final order, the pertinent parts of which are set forth as follows:
1. JOHN ROBERT VAUGHN left a Last Will and Testament dated December 30, 1987, which has been filed and admitted to probate. Said Will contains within it Article III which devises certain items. The specific portion in question is section 3.17 wherein the word “relatives” is used. The bequest in 3.17 is “to whomever of my relatives (emphasis added) is living with me at the time of my death.”
2. In common understanding of the word relative one would normally assume that this would include one’s sister. The testimony in fact indicated that at the time of the decease of JOHN ROBERT VAUGHN his sister, ELIZA FUT-RELL, was living with him. However, paragraph 3.17 must be read in parimate-ria with all of Article III and specifically in regard to 3.1 where it is stated “I bequeath and devise the foregoing to my children and grandchildren [sic][2] named below”. The testimony indicated that at the time of the preparation of the will the deceased’s grandson was in fact residing with him. The court therefore concludes and determines that the term “relative’ contained within 3.17 can only be interpreted to include that group of beneficiaries who would be children, grandchildren, or the child of a child or grandchild who predeceased the testator.
In reversing the trial court, the majority ultimately concludes the language of the will is clear and unambiguous. It finds that an evidentiary hearing was unnecessary to interpret the will and that a plain reading of the document reveals that article III contains two separate bequests. It further maintains that paragraph 7.2 of article VII makes it clear that headings and captions are not to be considered part of the will and shall not effect the intent of the provisions of the will.
It is difficult to reconcile the majority’s position as paragraph 7.2 is itself ambiguous. The majority interprets captions and headings as relating to the numbers of the paragraphs. It would seem more logical, however, to construe captions and headings as relating to the boldfaced type appearing before each article, e.g., Article III, Specific Devises; or Article IV, Residuary Es *71 tate; and so forth. To deemphasize the significance of the use of numbered sub-paragraphs is as fatal to the testator’s intention as anything else the majority suggests. Articles III and IV are the only articles contained in the will wherein sub-paragraphs follow a primary or lead paragraph. The use of that form is certainly appropriate and necessary where the subject matter of the primary provision is broad and/or there are contingencies related thereto.
Paragraph 3.1 bequeaths “the foregoing to my children and grandson ... share and share alike the following,” then describes each gift in a series of indented subpara-graphs numbered 3.11 through 3.17. The majority suggests subparagraph 3.17 should be treated differently from the other subparagraphs under paragraph 3.1 and should be considered a second bequest, separate from the one indicated in 3.1. Article III, however, should not be construed as containing one or two bequests, but rather as containing seven bequests to members of a single class of beneficiaries as set forth in paragraph 3.1. Perhaps I could at least agree that 3.17 should be treated differently if it were instead set out as a separate bequest in another major paragraph numbered 3.2. The fact remains, however, 3.17 is a subparagraph of paragraph 3.1, as are subparagraphs 3.11 through 3.16, and should be construed accordingly. The fact that some of the language used in 3.1 is repeated in 3.17 is therefore insufficient to justify an independent construction and interpretation of that provision. This is particularly true when viewed in light of other evidence presented at the hearing below.
The attorney who drafted the will testified on direct examination that “it was [the testator’s] intention to divide up the properties and give [his grandson] some and his kids some. As far as that one paragraph, 3.17, it’s my recollection that he expected [his grandson] or hopefully one of his children or grandchildren to be living with him.” He further testified on cross-examination that the testator never mentioned any relatives other than his children or grandchildren.
The appellant, Mrs. Futrell, suffers no injustice as a result of the position taken herein. The record clearly demonstrates Mrs. Futrell was compensated for the services she rendered the decedent. In other words, Mrs. Futrell was adequately provided for outside of the will — action consistent with an individual’s unexpected need for the services of a relative not provided for in his will.
The fact the majority and I hold such divergent views in this matter seems to me a clear indication the subject provisions of this will are indeed ambiguous. Thus, additional evidence was required to aid in their interpretation.
Based on the foregoing, and in view of the strong presumption in favor of the findings of the trial court, I must agree with the decision of the able trial judge. I would therefore find the intention of the testator as to the word relative was to limit the class to child or grandchild as indicated in paragraph 3.1 of article III of the testator’s last will and testament.

. Paragraph 3.1 actually states "I bequeath the foregoing to my children and grandson_”